ORIGINAL

$ MV

**FILED IN CLERK'S OFFICE**
U.S.D.C. - Atlanta

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FEB 1 2 2008

**JAMES N. HATTEN, Clerk**

By: _Caffine_ **Deputy Clerk**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. |
| RICHARD E. LONG, | : | **1:08-CR-043** |
| DEBRA L. LONG, and | : | |
| MACK S. SMITH | : | |

THE UNITED STATES CHARGES THAT:

**COUNT ONE**
**Conspiracy**
**(18 U.S.C. § 371)**

1.    Beginning on a date unknown to the Grand Jury, but at least as early as October 1998, and continuing thereafter until in or about May 2007, in the Northern District of Georgia and elsewhere, the defendants, RICHARD E. LONG, DEBRA L. LONG, and MACK S. SMITH, did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to commit certain offenses against the United States, namely:

a.    Honest Services Wire Fraud, that is, devising a scheme to defraud the United States, and to deprive the United States Army of defendant RICHARD E. LONG's honest services, including the United States Army's right to defendant RICHARD E. LONG's loyal, faithful, disinterested, unbiased services, to be performed free of deceit, undue influence, conflict of interest, self-enrichment, self-dealing, concealment, fraud, and corruption, and in furtherance

/

thereof transmitting and causing to be transmitted in interstate commerce by means of wire communications, certain writings, signs, signals and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code Sections 1343 and 1346;

b.    Honest Services Mail Fraud, that is, devising a scheme to defraud the United States, and to deprive the United States Army of defendant RICHARD E. LONG's honest services, including the United States Army's right to defendant RICHARD E. LONG's loyal, faithful, disinterested, unbiased services, to be performed free of deceit, undue influence, conflict of interest, self-enrichment, self-dealing, concealment, fraud, and corruption, and, in furtherance thereof, transmitting and causing to be transmitted in interstate commerce by depositing or causing to be deposited in the United States Mails or private or commercial interstate carrier any matter or thing for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code Sections 1341 and 1346;

c.    Bribery of a Public Official, that is, devising a scheme:

(i) to, directly and indirectly, corruptly give, offer, and promise money to defendant RICHARD E. LONG, a public official and civilian employee of the United States Army Forces Command, an agency of the United States, with intent to influence RICHARD E. LONG in performing official acts, namely reviewing and making

-2-

recommendations concerning the awarding of government contracts with WATEC, Inc. ("WATEC"), and his oversight of WATEC's performance on the contracts, all in violation of Title 18, United States Code, Section 201(b)(1)(A); and

(ii) wherein RICHARD E. LONG, a public official and civilian employee of the United States Army Forces Command, directly and indirectly, did corruptly demand, seek, receive, accept, and agree to receive and accept money from defendant MACK S. SMITH, in return for defendant RICHARD E. LONG's being influenced in the performance of official acts, namely reviewing and making recommendations concerning the awarding of government contracts with WATEC, and his oversight of WATEC's performance on the contracts, all in violation of Title 18, United States Code, Section 201(b)(2)(A).

## BACKGROUND

At all times relevant to this Indictment:

### "ROWPU" Contracts

2.   The United States Army operated the Coastal Water Purification Training Center ("CWPTC") at Fort Story, a military base in Virginia. The CWPTC was the Army's primary training site for Reverse Osmosis Water Purification Unit ("ROWPU") systems. ROWPU systems produce potable water from undrinkable sources. ROWPU systems are therefore critical for Army personnel deployed in geographical areas where potable water is scarce.

3.   Prior to 1995, the Army conducted its own ROWPU training

-3-

using soldiers and civil service workers.  In or around 1995, the Army decided to retain civilian contractors to provide ROWPU training, maintenance, and related services.  Decisions as to the awarding of such contracts were made by the United States Department of the Army Forces Command ("FORSCOM"), located at Fort McPherson, in the Northern District of Georgia.

4.   Typically, FORSCOM conducted a bidding process in which contracts were awarded to contractors who could provide the desired service at the lowest price.  FORSCOM would calculate an Independent Government Estimate ("IGE") indicating how much a given project should cost.  A bid that was closest to or lower than the IGE would be more likely to win a contract.  For that reason, the IGE was not to be shared with the contractors before they submitted their bids.

5.   In the unusual circumstance where only one contractor had the capability or expertise to provide to the Government the sought-after service, a contract would be awarded as a "sole-source contract"; that is, a contract would be awarded to the contractor in the absence of any bidding process.  In such an event, the decision to award a sole-source contract would require an internal FORSCOM document that would explain and justify why the particular contractor should be deemed a sole source and awarded the contract.

### RICHARD and DEBRA LONG

6.   Defendant RICHARD E. LONG was a public official employed as a civilian employee by FORSCOM at Fort McPherson from

-4-

approximately November 1996 through approximately December 31, 2004. During that period, defendant RICHARD E. LONG held the position of Water and Petroleum Program Manager. In that capacity, defendant RICHARD E. LONG reviewed bids submitted by civilian contractors who were vying for ROWPU-related contracts. He was also responsible for overseeing the contractors' performance after the contracts were awarded.

7.    As an employee of FORSCOM, defendant RICHARD E. LONG had a duty to provide honest services to the citizens of the United States and to act in the public's best interest, free of partiality, willful omission, bias, dishonesty, conflict of interest, and fraud. Defendant RICHARD E. LONG's duties included an obligation to make full and fair disclosure of any personal interest or profit that he had derived or expected to derive from any action or transaction in which he participated in the course of his service and employment.

8.    At all times relevant to this indictment, defendant RICHARD E. LONG and defendant DEBRA L. LONG were husband and wife.

9.    Unindicted co-conspirator Laurie LeChevalier is the sister of DEBRA L. LONG.

## WATEC

10.    At all times relevant to this indictment, WATEC, a Tennessee corporation, was a civilian contractor that provided, among other services, ROWPU training, maintenance, and related services for mobile water purification systems. Defendant MACK S.

-5-

SMITH was the owner and president of WATEC.

11.  From approximately November 1996 through approximately December 31, 2004, defendant RICHARD E. LONG reviewed bids and proposals submitted by WATEC for ROWPU-related contracts.  During that period, based on recommendations from defendant RICHARD E. LONG, FORSCOM continually awarded the contract to WATEC, either as the primary contractor or as a subcontractor.  At least one such contract, awarded in August 2003, had an estimated value exceeding $32,000,000.

12.  Defendant RICHARD E. LONG, as Water and Petroleum Program Manager, was responsible for reviewing and making recommendations concerning the assignment of ROWPU-related contracts.  During his tenure, every ROWPU-related contract for the CWPTC at Fort Story was awarded to WATEC, as either the prime contractor or subcontractor.  LONG also served as the Task Monitor on WATEC contracts.  As such, he was supposed to ensure that WATEC complied with the terms of any contract with FORSCOM.

## MANNER AND MEANS OF THE CONSPIRACY

13.  It was part of the conspiracy that from approximately October 1998 until as late as approximately May 2007, in the Northern District of Georgia and elsewhere, defendants RICHARD E. LONG, DEBRA L. LONG, and MACK S. SMITH, aided and abetted by each other and by Laurie LeChevalier, and by others known and unknown to the Grand Jury:

-6-

    a.    agreed to have defendant MACK S. SMITH and WATEC pay monies, by check and wire transfer, to defendant RICHARD E. LONG through defendant DEBRA L. LONG and her sister Laurie LeChevalier;

    b.    arranged to have the bulk of the payments made by defendant MACK S. SMITH and WATEC sent and made payable to defendant DEBRA L. LONG, either by personal check or by wire transfer;

    c.    agreed to have defendant RICHARD E. LONG conceal and fail to disclose to the United States Army the money he secretly received from defendant MACK S. SMITH; and

    d.    agreed to have defendant RICHARD E. LONG recommend to FORSCOM that ROWPU-related contracts be awarded to WATEC.

14.   It was part of the conspiracy and part of the scheme and artifice to defraud that:

a.   From at least as early as 2001 through 2002, defendants RICHARD E. LONG and DEBRA L. LONG maintained a checking account, designated by account number xxxxxxxxx8629, at First Union Bank.

b.   From at least as early as 2001 through 2002, defendant DEBRA L. LONG maintained a savings account, designated by account number xxxxxxxx9705, at First Union Bank.

c.   From at least as early as 2002 through 2004, defendants

-7-

RICHARD E. LONG and DEBRA L. LONG maintained a savings account, designated by account number xxxxxxxxx3686, at Wachovia Bank.

d.     In 2004, defendant DEBRA L. LONG maintained a savings account, designated by account number xxxxxxxxx2411, at Wachovia Bank.

e.     In 2006, defendants RICHARD E. LONG and DEBRA L. LONG maintained a checking account, designated by account number xxxxxxxxx8629, at Wachovia Bank.

f.     Defendant RICHARD E. LONG, as the Water and Petroleum Manager at Fort McPherson, recommended to FORSCOM that it award ROWPU-related contracts to WATEC continually from 1998 to 2004.

g.     From 2001 through 2007, WATEC and defendant MACK S. SMITH made payments to defendants RICHARD E. LONG and DEBRA L. LONG, and to Laurie LeChevalier and others known and unknown to the Grand Jury, in amounts ranging from $1,000 to $75,000.

h.     WATEC and defendant MACK S. SMITH sent monies via electronic wire transfer to accounts maintained by defendants RICHARD E. LONG and DEBRA L. LONG, and to Laurie LeChevalier and others known and unknown to the Grand Jury, in furtherance of defendants' scheme to transfer money from WATEC and defendant MACK S. SMITH to defendants RICHARD E. LONG and DEBRA L. LONG in exchange for the awarding of ROWPU-related contracts to WATEC.

i.     WATEC and defendant MACK S. SMITH sent checks to defendants RICHARD E. LONG and DEBRA L. LONG, as well as to Laurie

LeChevalier and others known and unknown to the Grand Jury, via United States mail and private and commercial interstate carrier, in furtherance of defendants' scheme to defraud the United States.

j.     Defendant RICHARD E. LONG never disclosed to FORSCOM that he and defendant DEBRA L. LONG were receiving payments directly from defendant MACK S. SMITH and WATEC, a contractor that conducted ongoing business with FORSCOM and entered into multiple contracts and subcontracts with FORSCOM, which contracts were reviewed, recommended and monitored by defendant RICHARD E. LONG.

k.     Defendants RICHARD E. LONG and DEBRA L. LONG concealed from FORSCOM the monies they received from defendant MACK S. SMITH and WATEC, and the fact that defendant RICHARD E. LONG had recommended that FORSCOM award ROWPU-related contracts to WATEC in exchange for payments made to accounts held and controlled by defendants RICHARD E. LONG and DEBRA L. LONG.

## OVERT ACTS

15.    In furtherance of the conspiracy, and in order to effect the purpose and objects thereof, defendants, aided and abetted by each other, and others known and unknown to the Grand Jury, committed various overt acts and caused various overt acts to be committed in the Northern District of Georgia and elsewhere, including, but not limited to, the following:

a.     In or about November 1998, defendant MACK S. SMITH hired David Long, the son of defendants RICHARD E. LONG  and DEBRA L.

-9-

LONG, as an employee of WATEC.

b.    From about 1998 through 2003, after being recommended by defendant RICHARD E. LONG, WATEC won contracts to provide two separate services: (1) conduct annual ROWPU training competitions called "ROWPU rodeos" and (2) provide water-purification training at Fort Story. Contractually, WATEC was supposed to provide two separate sets of employees for these distinct services. In reality, however, WATEC provided only one group of employees to attend to both projects, but billed the government as though two separate groups of employees were working on each project full time. This "double billing" allowed defendant MACK S. SMITH and WATEC to be paid twice for the same employees' time.

c.    From about 1999 through about 2004, defendant RICHARD E. LONG provided employees of WATEC with confidential government contract and pricing information, such as the IGE, before WATEC submitted its bids. Armed with this information, WATEC was able to tailor its bids as close as possible to what FORSCOM was willing to pay on any given project. This information gave WATEC a distinct advantage over other potential bidders.

d.    From about 1999 through about 2004, defendant RICHARD E. LONG wrote sole-source justifications that resulted in the awarding of contracts to WATEC for ROWPU-related or other water-distribution services. Based on these written justifications, the contracts were not subject to an independent bidding process and were awarded to

-10-

WATEC based on the premise, advocated by defendant RICHARD E. LONG, that WATEC was the only contractor or subcontractor capable of performing the work.

e.      From about 1999 through about 2004, defendant RICHARD E. LONG was supposed to prepare a document for each project submitted to contractors for bidding.  The document, called a Statement of Work ("SOW"), was supposed to set forth exactly what products, servicing, and training the contractor was to provide.  During this period, for projects made available to WATEC for bidding, defendant RICHARD E. LONG did not draft the SOWs as required.   Instead, defendant RICHARD E. LONG allowed an employee of WATEC to draft the SOWs.  Consequently, WATEC itself was determining what work was required for each project on which it was bidding, and would only submit SOWs requiring work and services that it knew it could provide.

f.      On or about the dates listed in Column A, defendants RICHARD E. LONG, DEBRA L. LONG, and MACK S. SMITH, aided and abetted by each other, and by unindicted co-conspirator Laurie LeChevalier, and by others known and unknown to the Grand Jury, caused to be transmitted in interstate commerce, either via deposits in the United States Mails or private or commercial interstate carrier, or by means of a wire communication, certain signals, signs and sounds, as described in Column B, which resulted in transfers of funds from bank accounts controlled by WATEC or defendant MACK S. SMITH, as

listed in Column C, to defendants RICHARD E. LONG and DEBRA L. LONG, or unindicted co-conspirator Laurie LeChevalier and others known and unknown to the Grand Jury, as listed in Column D.   The amount of each transfer is listed in Column E.

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Date | Via Mail, Wire, or by Hand | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 4/20/01 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, Unknown Bank | $6,200.00 |
| 1/2/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $5,000.00 |
| 1/29/02 | Mail | MACK S. SMITH | DEBRA L. LONG, 9705, First Union | $5,000.00 |
| 2/13/02 | Wire | WATEC, Inc. | DEBRA L. LONG, 8629, First Union | $30,000.00 |
| 2/19/02 | Wire | WATEC, Inc. | DEBRA L. LONG, 8629, First Union | $17,000.00 |
| 3/4/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $6,000.00 |
| 4/2/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $5,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|---|---|---|---|---|
| Date | Via Mail, Wire, or by Hand | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 5/1/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $5,000.00 |
| 5/3/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $4,000.00 |
| 6/3/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $5,000.00 |
| 7/21/02 | Mail | MACK S. SMITH | DEBRA L. LONG, 8629, First Union | $1,500.00 |
| 9/19/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $5,000.00 |
| 9/25/02 | Mail | MACK S. SMITH | DEBRA L. LONG, Unknown Account, First Union | $5,000.00 |
| 10/29/02 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 1/6/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 2/7/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $6,000.00 |
| 3/10/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 4/10/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Date | Via Mail, Wire, or by Hand | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 5/12/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 6/13/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 6/24/03 | Mail | MACK S. SMITH | RICHARD E. LONG, Unknown Account, Wachovia | $3,000.00 |
| 7/14/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 8/6/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 9/11/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 9/25/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $8,000.00 |
| 10/20/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 11/14/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 11/20/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 12/19/03 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 1/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 2/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 3/19/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Date | Via Mail, Wire, or by Hand | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 4/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 5/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 6/21/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 7/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 8/17/04 | Mail | MACK S. SMITH | South Hampton Developers, Account Unknown, Bank Unknown | $75,000.00 |
| 8/17/04 | Mail | MACK S. SMITH | South Hampton Developers, Account Unknown, Bank Unknown | $70,000.00 |
| 8/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 9/20/04 | Wire | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 10/20/04 | Wire | WATEC, INC. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 6/17/05 | Wire | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $22,000.00 |
| 8/8/05 | Mail | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |
| 8/17/05 | Wire | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $74,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Date | Via Mail, Wire, or by Hand | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 10/6/05 | Wire | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |
| 1/9/06 | Mail | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 4/8/06 | Mail | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 5/9/06 | Mail | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 5/9/06 | Mail | MACK S. SMITH | Laurie LeChevalier, Unknown Account, Unknown Bank | $5,000.00 |
| 6/6/06 | Mail | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 6/6/06 | Mail | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 6/14/06 | Mail | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $1,000.00 |
| 7/6/06 | Mail | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 7/6/06 | Mail | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 5/07 | By Hand | MACK S. SMITH | RICHARD E. LONG, Unknown Account, Unknown Bank | $20,000.00 |
| TOTAL | | | | $553,700.00 |

-16-

g.    On various dates between on or about October 1998 and on or about December 2004, defendant RICHARD E. LONG, advised FORSCOM to award ROWPU-related contracts to WATEC.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TWO THROUGH FORTY
### Bribery of Public Official
### (18 U.S.C. § 201(b)(1)(A))

16.    Paragraphs 2 through 15 of this Indictment are realleged as if fully set forth herein.

17.    On or about the dates listed in Column B, within the Northern District of Georgia, defendant MACK S. SMITH, did, directly and indirectly, corruptly give, offer, and promise things of value, namely, the monetary payments listed in Column E, to Richard E. Long, a public official and civilian employee of the United States Army Forces Command, an agency of the United States, with intent to influence Richard E. Long in performing official acts, namely reviewing and making recommendations concerning the awarding of government contracts, and his oversight of those contracts, all in violation of Title 18, United States Code, Section 201(b)(1)(A).

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|---|---|---|---|---|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 2 | 3/10/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 3 | 4/10/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 4 | 5/12/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 5 | 6/13/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 6 | 6/24/03 | MACK S. SMITH | RICHARD E. LONG, Unknown Account, Wachovia | $3,000.00 |
| 7 | 7/14/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 8 | 8/6/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 9 | 9/11/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 10 | 9/25/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $8,000.00 |
| 11 | 10/20/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 12 | 11/14/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 13 | 11/20/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 14 | 12/19/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 15 | 1/20/04 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 16 | 2/20/04 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 17 | 3/19/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 18 | 4/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 19 | 5/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 20 | 6/21/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 21 | 7/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 22 | 8/17/04 | MACK S. SMITH | South Hampton Developers, Account Unknown, Bank Unknown | $75,000.00 |
| 23 | 8/17/04 | MACK S. SMITH | South Hampton Developers, Account Unknown, Bank Unknown | $70,000.00 |
| 24 | 8/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 25 | 9/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 26 | 10/20/04 | WATEC, INC. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 27 | 6/17/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $22,000.00 |
| 28 | 8/8/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 29 | 8/17/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $74,000.00 |
| 30 | 10/6/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |
| 31 | 1/9/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 32 | 4/8/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 33 | 5/9/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 34 | 5/9/06 | MACK S. SMITH | Laurie LeChevalier, Unknown Account, Unknown Bank | $5,000.00 |
| 35 | 6/6/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 36 | 6/6/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 37 | 6/14/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $1,000.00 |
| 38 | 7/6/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 39 | 7/6/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 40 | 5/07 | MACK S. SMITH | RICHARD E. LONG, Unknown Account, Unknown Bank | $20,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| | TOTAL | | | $438,000.00 |

## COUNTS FORTY-ONE THROUGH SEVENTY-NINE
### Bribery of Public Official
### (18 U.S.C. §§ 201(b)(2)(A) and 2)

18. Paragraphs 2 through 15 of this Indictment are realleged as if fully set forth herein.

19. On or about the dates listed in Column B, within the Northern District of Georgia, defendant RICHARD E. LONG, being a public official and civilian employee of the United States Army Forces Command, an agency of the United States, aided and abetted by defendant DEBRA L. LONG and others known and unknown to the Grand Jury, directly and indirectly, did corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, namely, the monetary payments listed in Column E, from Mack S. Smith, in return for defendant RICHARD E. LONG's being influenced in the performance of official acts, namely reviewing and making recommendations concerning the awarding of government contracts, and his oversight of those contracts, all in violation of Title 18, United States Code, Sections 201(b)(2)(A) and 2.

-21-

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 41 | 3/10/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 42 | 4/10/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 43 | 5/12/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 44 | 6/13/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 45 | 6/24/03 | MACK S. SMITH | RICHARD E. LONG, Unknown Account, Wachovia | $3,000.00 |
| 46 | 7/14/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 47 | 8/6/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 48 | 9/11/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 49 | 9/25/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $8,000.00 |
| 50 | 10/20/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 51 | 11/14/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 52 | 11/20/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 53 | 12/19/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 54 | 1/20/04 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 55 | 2/20/04 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 56 | 3/19/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 57 | 4/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 58 | 5/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 59 | 6/21/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 60 | 7/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 61 | 8/17/04 | MACK S. SMITH | South Hampton Developers, Account Unknown, Bank Unknown | $75,000.00 |
| 62 | 8/17/04 | MACK S. SMITH | South Hampton Developers, Account Unknown, Bank Unknown | $70,000.00 |
| 63 | 8/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 64 | 9/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 65 | 10/20/04 | WATEC, INC. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 66 | 6/17/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $22,000.00 |
| 67 | 8/8/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 68 | 8/17/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $74,000.00 |
| 69 | 10/6/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |
| 70 | 1/9/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 71 | 4/8/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 72 | 5/9/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 73 | 5/9/06 | MACK S. SMITH | Laurie LeChevalier, Unknown Account, Unknown Bank | $5,000.00 |
| 74 | 6/6/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 75 | 6/6/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 76 | 6/14/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $1,000.00 |
| 77 | 7/6/06 | MACK S. SMITH | DEBRA L. LONG, 8629, Wachovia | $5,000.00 |
| 78 | 7/6/06 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $5,000.00 |
| 79 | 5/07 | MACK S. SMITH | RICHARD E. LONG, Unknown Account, Unknown Bank | $20,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| | TOTAL | | | $438,000.00 |

## COUNTS EIGHTY THROUGH ONE HUNDRED FOUR
### Wire Fraud
### (18 U.S.C. §§ 1343, 1346, and 2)

20.   Paragraphs 2 through 15 of this Indictment are realleged as if fully set forth herein.

21.   On or about the dates listed in Column B, in the Northern District of Georgia and elsewhere, defendants RICHARD E. LONG, DEBRA L. LONG, and MACK S. SMITH, aided and abetted by each other, and others known and unknown to the Grand Jury, for the purpose of executing the aforementioned scheme and artifice to defraud the United States Army of defendant RICHARD E. LONG's honest services, did knowingly transmit and cause to be transmitted in interstate commerce, by means of a wire communication, certain signs, signals, and sounds, that is, the interstate wire transfers listed in Column E, all in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|---|---|---|---|---|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 80 | 3/10/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 81 | 4/10/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 82 | 5/12/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 83 | 6/13/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 84 | 7/14/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 85 | 8/6/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 86 | 9/11/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 87 | 9/25/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $8,000.00 |
| 88 | 10/20/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 89 | 11/14/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 90 | 11/20/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 91 | 12/19/03 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 92 | 1/20/04 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 93 | 2/20/04 | WATEC, Inc. | DEBRA L. LONG, 3686, Wachovia | $5,000.00 |
| 94 | 3/19/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |

| COLUMN A | COLUMN B | COLUMN C | COLUMN D | COLUMN E |
|----------|----------|----------|----------|----------|
| Count | Date | Payor | Payee, Account Number (Last 4 Digits), Bank | Amount |
| 95 | 4/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 96 | 5/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 97 | 6/21/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 98 | 7/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 99 | 8/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 100 | 9/20/04 | WATEC, Inc. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 101 | 10/20/04 | WATEC, INC. | DEBRA L. LONG, 2411, Wachovia | $5,000.00 |
| 102 | 6/17/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $22,000.00 |
| 103 | 8/17/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $74,000.00 |
| 104 | 10/6/05 | MACK S. SMITH | Laurie LeChevalier, 3005, Wachovia | $10,000.00 |
| | TOTAL | | | $219,000.00 |

## COUNT ONE HUNDRED FIVE
### Money Laundering
### (18 U.S.C. § 1957)

22.  On or about August 19, 2005, within the Northern District of Georgia and elsewhere, defendants RICHARD E. LONG, DEBRA L. LONG,

and MACK S. SMITH, aided and abetted by each other and by Laurie LeChevalier, did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000 by, through, and to a financial institution, in and affecting interstate commerce, by transferring funds in the amount of $74,000 from Cumberland County Bank account number xxx9904, which account was in the name and under the control of defendant MACK S. SMITH, to Wachovia Bank account number xxxxxxxxx3005, which account was in the name and under the control of Laurie LeChevalier, and which funds were then transferred by check to defendant DEBRA L. LONG, such funds having been derived from specified unlawful activity as more particularly described in Count One Hundred Three of this Indictment, all in violation of Title 18, United States Code, Section 1957.

## ASSET FORFEITURE PROVISION

23. Upon conviction of one or more of the offenses alleged in Counts One through One Hundred Four of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 201, including but not limited to the following:

a. a sum of money equal to the amount of proceeds obtained as

-28-

a result of the offense.

24.    Upon conviction of one or more of the money laundering offenses alleged in Count One Hundred Five, the defendants shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(1):

a. All right, title, and interest in any and all property involved in each offense in violation of Title 18, United States Code, Section 1957, for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1957; 2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to:

1. Money Judgment

a. A sum of money equal to the total amount of money involved in each offense, for which the defendant is convicted.

25.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

(c)   has been placed beyond the jurisdiction of the court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant(s) up to the value of the forfeitable property described above.

A _____   BILL

_____
FOREPERSON


DAVID E. NAHMIAS
UNITED STATES ATTORNEY


GLENN D. BAKER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 033450


JON-PETER F. KELLY
ASSISTANT U.S. ATTORNEY
Georgia Bar No.   142134


75 Spring Street, S.W.
Suite 600
Atlanta, Georgia  30303
(404) 581-6000
(404) 581-6181 (fax)